## Amburgy v. Pond Creek Coal Company.

(Decided October 22, 1914.)

### Appeal from Pike Circuit Court.

Personal Injuries—Action for—Defective Pleading—Demurrer.— Plaintiff was injured by stepping on a nail.  His petition to recover damages is fatally defective when it fails to show that defendant owned or had control of the place, or that the defendant knew, or by the exercise of ordinary care could have known of the danger.

J. M. ROBERSON and R. H. COOPER for appellant.

AUXIER, HARMAN & FRANCIS for appellee.

Opinion of the Court by Judge Nunn—Affirming.

Appellant sued to recover $2,500 damages for an injury to his foot from which he suffered great pain, and underwent three surgical operations, and lost many weeks' time. He says that at the time he was in the employ of the defendant, residing with his family in one of its houses, and boarding work-hands in the employ of defendant.

"That on the morning of the 8th of August, 1912, early in the morning, the plaintiff went to a pump nearby to get a bucket of water for the use of the family and the work-hands he was boarding, and in traveling the regular passway from his house to the said pump he struck his right foot, on the top of the foot, against a nail that had been driven in a piece of timber that was lying in said passway, and which nail was unseen by him at the time, thereby greatly injuring his said foot and causing him much pain, * * * .

"Plaintiff says said injury was caused by the carelessness and negligence of the defendant, its servants and employes in this: That prior to the said injury the employes and servants of defendant had been erecting for defendant miners' houses, and repairing the houses; that a piece of timber that had been used as a brace in erecting and building had been thrown by some of the employes on the ground in the passway, leading to the house plaintiff then lived in to the pump mentioned above, and left there with the nail in it, but bent so as to not be readily observed; and while passing along the way to the pump aforesaid for the purpose of getting a bucket of water, the plaintiff struck his foot as aforementioned against said nail with great force and the said nail penetrated his foot to the bone, causing the injury, * * * That said piece of timber with nails in it as aforesaid was negligently and carelessly left in the passway aforesaid by the employes and servants of defendant; that same could have been removed before said injury, and defendant, its employes and servants aforesaid, had a reasonable time after the same was thrown and left where it was and before said injury to have removed the same; that it was necessary for the plaintiff and it was the regular and usual way to travel and walk along this passway from the house where he was then living to said pump to obtain water for household use."

By amended petition he explains that he was barefooted and was carrying water in a large can with the aid of another man.

To this petition as amended the lower court sustained demurrer, and the plaintiff, refusing to plead further, appeals.

It is difficult to understand whether the action is predicated upon the relation of master and servant, or landlord and tenant, or upon the idea that plaintiff was a licensee. It is alleged that he was in the employ of defendant, but it is not shown that it was any part of his employment to carry water. We are informed by appellant's brief that the action "does not go upon the theory that he was in the employ of the appellee at the time of the injury." If the action is based on the duty of the property owner to tenants or licensees, then the petition is fatally defective, because it does not show that the appellee owned or had any manner of control over the well, pump, or passway where the appellant received his injury. With reference to ownership and control, the petition is silent except that the house wherein he lived belonged to appellee. He does not charge that the appellee knew that the piece of timber or the nail was in the passway, or was a source of danger to any one, or that by the exercise of ordinary care it might have known it.

We are, therefore, of the opinion that the lower court properly sustained the demurrer, and the judgment is affirmed.